IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,

    Plaintiff,

v.                                                                                                     No. 15-1008

TREE-REMOVAL RIGHTS WITH
RESPECT TO LAND IN McNAIRY
COUNTY, TENNESSEE, and
BOBBY HAYNES,
MARY HAYNES, his wife,
JP MORGAN CHASE BANK, N.A.,
DEUSNER AND KENNEDY, P.A., trustee, and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., nominee,

    Defendants.

_____

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
_____

Before the Court is the Plaintiff, Tennessee Valley Authority ("TVA")'s, Motion for Summary Judgment. (Docket Entry ("D.E.") 22.) No Defendant has filed a response in opposition. For the reasons set forth below, TVA's Motion for Summary Judgment is GRANTED.

*Background*

The following material facts are undisputed for purposes of the motion. On January 15, 2015, pursuant to the Declaration of Taking Act, 40 U.S.C. §§ 3114-3118 (2012), and the Tennessee Valley Authority Act of 1933, *as amended*, 16 U.S.C. §§ 831-831ee (2012), Plaintiff filed this action for the acquisition of tree-removal rights over property located in McNairy

1

County, Tennessee. (PL's Statement of Material Facts ¶ 1, D.E. 22-2.) The tree-removal rights acquired encompass a small portion of the northwest corner of an 8.3-acre parcel located along Neely Sharp Road, which in the Third Civil District of McNairy County, Tennessee. (*Id.* at ¶ 2.) As of the date of taking, the property had a generally level topography, and the tree removal rights acquisition area was minimally wooded, with very few—if any—trees impacted in the area subject to the acquisition. (*Id.*)

Prior to the filing of this condemnation action, Ivan J. Antal, II, a Tennessee certified general real property appraiser and Program Manager for Electric Systems Project Land Transactions in TVA's Natural Resources & Real Property Services ("Realty") organization, performed a review of multiple appraisal reports that were prepared and submitted as part of TVA's determination of the just and liberal compensation required for acquisition of the tree-removal rights. (*Id.* at ¶ 3.) Mr. Antal's review included two restricted use appraisal reports prepared by independent, Tennessee certified general real property appraisers. (*Id.*) One of the independent property appraisers determined that the fair market value for the easement rights acquired was $250, while the other appraiser concluded that the fair market value was $325. (*Id.*) Based on Mr. Antal's review of the appraisals and approval by the Senior Manager of TVA's Realty organization, TVA determined the fair market value of the tree-removal rights acquired to be $350. (*Id.*) At the time of the filing of this action, TVA tendered $350 to the Clerk of Court as its estimate of the compensation for the tree-removal rights being acquired. (*Id.* at ¶ 4.) Upon motion by Plaintiff and order of this Court, the sum was deposited in an interest-bearing account. (*Id.*)

In the complaint, TVA named as defendants those persons who and/or entities that have or may claim an interest in the compensation awarded for acquisition of tree-removal rights. (*Id.*

at ¶ 5.) Those persons who have and/or may claim an interest (and the basis of that interest) in any compensation awarded are as follows:

- (a) The tree-removal rights acquired by Plaintiff are on an 8.3-acre tract owned by Defendants, Bobby Haynes and Mary Haynes. (*Id.*)

- (b) Defendant, JP Morgan Chase Bank, N.A., ("Chase"), may claim encumbrances and/or liens on the subject property by virtue of a Deed of Trust originally executed by Bobby Haynes and Mary Haynes to Wolfe Financial, Inc., d/b/a Integrity Mortgage Group, and recorded with the Register of McNairy Country, Tennessee, on December 2, 2011, at Deed Book 404, pages 1788-1797 (loan amount of $69,530). (*Id.*)

- (c) Defendants Deusner and Kennedy, P.A., and Mortgage Electronic Registration Systems, Inc., may have and/or claim an interest in the subject property as the designated trustee and nominee in said trust deed above, respectively. (*Id.*)

In its Motion for Summary Judgment, Plaintiff seeks judgment as a matter of law that just compensation for the fee acquisition of the tree-removal rights is $350. (D.E. 22.) TVA argues that it is proper for the Court to determine the question of just compensation under Rule 71.1(h) of the Federal Rules of Civil Procedure. (D.E. 22-1 at 4.) Only Defendant Chase filed an answer and did not demand a jury trial. (D.E. 17.) As such, the Court can fix the amount of just compensation as a matter of law. *See United States ex rel. TVA v. 1.31 Areas of Land, More or Less, in Lauderdale County, Tenn., et al.*, No. 12-2845-STA-tmp, 2013 WL 2289880, at *2 (W.D. Tenn. May 23, 2013). Based on the undisputed evidence, Plaintiff submits that the sum of $350 is just compensation for the taking. (D.E. at 22-1 at 3.) TVA contends that in the absence of any evidence to dispute this appraisal, summary judgment on the issue of just compensation in the amount of $350 is warranted. (*Id.* at 6.)

Plaintiff further argues that it is proper for the Court to determine to whom distribution of the proceeds should be made. (*Id.* at 7-8.) TVA requests the entry of a distribution order that (1) requires any Defendant claiming an interest in the just compensation awarded to submit proof by a date certain of the specific interest claimed (including the basis thereof), and (2) provides that Plaintiff personally serve said order upon non-ECF participating Defendants. (D.E. 22.) Pursuant to 40 U.S.C. § 3114(d), the Court has the authority to decide which claimants are entitled to what amount from the proceeds. TVA contends that because there is a strong likelihood that any just compensation awarded would be significantly less than the amount owed on the lien asserted by Defendant Chase, this Court should determine how much of the award is due to each claimant. (D.E. 22-1 at 7-8.)

*Standard of Review*

Rule 56 of the Federal Rules of Civil Procedure provides in pertinent part that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court is to "view facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party." *JP Morgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 578 (6th Cir. 2014) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). It is not to "weigh evidence, assess credibility of witnesses, or determine the truth of matters in dispute." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The moving party "has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the motion is

properly supported, "the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008) (citation omitted). The nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson*, 477 U.S. at 248. The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.* A court must grant summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23.

*Analysis*

Based on the undisputed evidence before the Court, Plaintiff is entitled to judgment as a matter of law on the issue of just compensation. The term "just compensation" for a fee acquisition means the fair market value of the subject property just before acquisition. *United States v. Dow*, 357 U.S. 17, 23 (1958); *1.31 Areas of Land*, 2013 WL 2289880, at *3. The burden of establishing the value of the property is on the party claiming an interest in the land. *1.31 Areas of Land*, 2013 WL 2289880, at *3; *see United State ex rel. Powelson*, 319 U.S. 266, 273 (1943). Even if a defendant had not previously appeared or answered the complaint, Rule 71.1(e) of the Federal Rules of Civil Procedure allows the defendant to present evidence on the amount of compensation to be paid. Fed. R. Civ. P. 71.1(e)(3). Additionally, Rule 71.1(h) provides that "[i]n an action involving eminent domain under federal law, the court tries all issues, including compensation." Fed. R. Civ. P. 71.1(h). Pursuant to Rule 71.1(h), other courts have held that summary judgment is the proper procedure to determine the issue of just compensation. *See Transwestern Pipeline CO., LLC v. 46.78 Acres of Permanent Easement*, 473

F. App'x 778, 7789 (9th Cir. 2012) ("Summary judgement is appropriate in a comdemnation case where there is no disputed issue of material fact."); *United Stayes v. 16,200 Sq. Ft., More or Less, of Land*, 791 F.2d 935, at *1 (6th Cir. 1984) (unpublished table decision) (per curiam); *1.31 Areas of Land*, 2013 WL 2289880, at *3. When the moving party presents an appraisal by a credentialed property appraiser and the non-moving parties do not contest it, that moving party is entitled to judgment as a matter of law on the issue of just compensation. *1.31 Areas of Land*, 2013 WL 2289880, at *3; *Midwestern Gas Transmission Co. v. 2.23 Acres in Trousdale Cnty.*, No. 3:06-0253, 2009 WL 3048387, at *2 (M.D. Tenn. Sept. 17, 2009) (granting summary judgment on the issue of just compensation for a taking where the non-moving party did not contest the appraisal prepared by a licensed real estate appraiser).

Plaintiff has come forward with evidence that the market value of tree-removal rights at issue in this case is $350. This value was determined after an analysis of multiple independent appraisals. TVA argues this amount constitutes just compensation for the property taken. No Defendant has challenged this figure or the underlying appraisals or has responded in opposition to TVA's Rule 56 Motion. This Court concludes that Plaintiff is entitled to summary judgment on the question of whether just compensation for the tree-removal rights is $350. Therefore, TVA's Motion is GRANTED on the issue.

Plaintiff has also requested that the Court enter an order directing Defendants to submit proof of claims related to any just compensation awarded and determine how much of the award is due to each claimant. Although TVA concedes it has no "advocacy position" on the issue, it points out that "[t]here is a strong likelihood that any just compensation awarded . . . in this action will be significantly less than the amount owed . . . ." (D.E. 22-1 at 7.) As such, Plaintiff argues that the Court should enter a distribution order "requiring any Defendant claiming an

interest in the just compensation awarded to submit proof by a date certain of the specific interest claimed (including the basis thereof) . . . ." (*Id.* at 9.) The Court finds Plaintiff's argument to be persuasive.

Having now held that the just compensation for the taking is $350, any Defendant who claims an interest in the compensation award must submit a brief to the Court in support of its claim. Each Defendant's brief should include citations to relevant legal authority and establish a basis for the Defendant's claim to compensation, the amount of its claim, and its priority. Upon entry of this order, Plaintiff is directed to serve a copy of the Order on all non-ECF participating Defendants. Each Defendant's brief is due within twenty-eight (28) days of service of this Order.

IT IS SO ORDERED this 16th day of September 2015.

                                          s/ J. DANIEL BREEN
                                          CHIEF UNITED STATES DISTRICT JUDGE